UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SCHONEKAS, EVANS, MCGOEY & MCEACHIN, LLC | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| THE NICKS LAW FIRM, LLC and SHANTRELL NICKS | MAGISTRATE: |

## **COMPLAINT**

Plaintiff, Schonekas, Evans, McGoey & McEachin, LLC, respectfully submits this Complaint against defendants, The Nicks Law Firm, LLC and Shantrell Nicks, as follows:

## **PARTIES**

### **1.**

Plaintiff, Schonekas, Evans, McGoey & McEachin, LLC ("SEMM"), is a Louisiana limited liability company, domiciled in Orleans Parish, Louisiana, the members of which are all citizens of the State of Louisiana.

### **2.**

Defendant, The Nicks Law Firm, LLC ("Nicks Law Firm"), is a Mississippi limited liability company domiciled in Gulfport, Mississippi, the sole member of which is a citizen of the State of Alabama.

### **3.**

Defendant, Shantrell Nicks, is a person of the full age of majority and a citizen of the State of Alabama.

## JURISDICTION

**4.**

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## VENUE

**5.**

Venue is proper in this judicial district pursuant to articles 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted in this lawsuit occurred in this judicial district.

## GENERAL ALLEGATIONS

**6.**

On or about May 13, 2019, a Class Action Complaint was filed in this Court by certain plaintiffs against Nicks Law Firm and other defendants in the matter *Deborah A. Gaudet, et al v. Howard L. Nations, APC, et al*, case number 2:19-cv-10356-WBV-JVM, Division "D"(1) (the "Class Action Suit") asserting claims of malpractice in connection with the alleged mishandling of thousands of subsistence claims by the defendants in the Deepwater Horizon Economic and Property Damage Class Action Settlement.  On or about November 20, 2019, Nicks was added, individually, as a defendant in the Class Action Suit.

**7.**

On or about July 6, 2020, certain plaintiffs filed a Joint Petition for Damages raising similar claims against Nicks Law Firm, Nicks, and other defendants in the matter *Charles Billiot, Jr., et al v. Maxum Indemnity Company, et al*, case number C-140991 "E," in the 17th

Judicial District Court, Lafourche Parish, Louisiana, which was subsequently removed to this Court on November 4, 2020 and assigned case number 2:20-cv-02997 (the "Billiot Suit").

**8.**

On or about July 6, 2020, certain plaintiffs filed a Joint Petition for Damages raising similar claims against Nicks Law Firm, Nicks, and other defendants in the matter *Brandon Henry, et al v. Maxum Indemnity Company, et al*, case number 188994, in the 32nd Judicial District Court, Terrebonne Parish, Louisiana, which was subsequently removed to this Court on November 4, 2020 and assigned case number 2:20-cv-02995 (the "Henry Suit").

**9.**

On or about July 7, 2020, Gary Pierce filed a Petition for Damages raising similar claims against Nicks Law Firm, Nicks, and other defendants in the matter *Gary Pierce v. Maxum Indemnity Company, et al*, case number 66-144 "B," in the 25th Judicial District Court, Lafourche Parish, Louisiana, which was subsequently removed to this Court on November 4, 2020 and assigned case number 2:20-cv-02998 (the "Pierce Suit").

**10.**

The Billiot Suit, the Henry Suit, and the Pierce Suit (collectively, the "Removed Suits") were all subsequently transferred to Section "D" (1) due to their relatedness to the Class Action Suit.

**11.**

Nicks Law Firm and Nicks retained SEMM in 2019 to provide professional legal services to them in connection with these lawsuits on an open account basis.

**12.**

SEMM submitted monthly invoices for its services to Nicks Law Firm and Nicks. All told, SEMM spent nearly 600 hours defending Nicks Law Firm and Nicks in the Class Action Suit and the Removed Suits.  *See* Declaration of Patrick S. McGoey, attached hereto as Exhibit "A," and Client Ledger attached thereto as Exhibit "A-1."

**13.**

SEMM submitted invoices to Nicks Law Firm and Nicks from August 2019 through May 2021.

**14.**

Nicks Law Firm and Nicks made sporadic payments during the course of the representation, with the last payment made on or about September 28, 2020. *Id.* SEMM has sent numerous emails and demands to defendants over the past several months.  Defendants repeatedly promised to pay the outstanding balance due but failed to keep those promises. *Id.*

**15.**

As a result of the nonpayment of SEMM's fees, SEMM withdrew from the representation of Nicks Law Firm and Nicks in all lawsuits in February 2021.

**16.**

After application of all payments made and a $10,000 retainer to the outstanding balance, Nicks Law Firm and Nicks remain indebted to SEMM in the full and true sum of eighty-nine thousand two hundred seventy-eight & 87/100 ($89,278.87) Dollars, together with interest thereon, at the maximum legal rate from the date of judicial demand until paid, plus reasonable attorney's fees and for all costs of these proceedings. *Id.*

## COUNT I:  OPEN ACCOUNT AND ATTORNEY'S FEES

### 17.

Plaintiff adopts, realleges, and incorporates the preceding allegations of this Complaint as if copied herein *in extenso.*

### 18.

Under Louisiana law:

'open account' includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. **'Open account' shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state**.

La. Rev. Stat. § 9:2781(D) (emphasis added).

### 19.

Further:

When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, **that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and service of a petition shall be deemed written demand for the purpose of this Section**. If the claimant and his attorney have expressly agreed that the debtor shall be liable for the claimant's attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.

La. Rev. Stat. § 9:2781(A) (emphasis added).  The debtor can avoid the imposition of attorney's fees "if the demand is made by citation and service of a petition … by delivering payment to the

5

claimant or the claimant's attorney within … fifteen days after service of the petition …." La. Rev. Stat. § 9:2781(C).

**20.**

Nicks Law Firm and Nicks engaged SEMM to provide professional legal services on an open account basis.

**21.**

SEMM provided legal services to Nicks Law Firm and Nicks from August 2019 until February, 2021, when SEMM withdrew from the representation.

**22.**

Despite repeated requests for payment, an outstanding balance of e eighty-nine thousand two hundred seventy-eight & 87/100 ($89,278.87) Dollars remains due and owing.

**23.**

Citation and service of this Complaint shall be deemed written demand upon Nicks Law Firm and Nicks.  As such, Nicks Law Firm and Nicks shall be entitled to pay the account, without attorney's fees, by delivery of payment in full of the balance owed to SEMM within 15 days after service of the Complaint.

**24.**

Absent payment in full within the time permitted under La. Rev. Stat. § 9:2781(C), SEMM is entitled to judgment against Nicks Law Firm and Nicks, in solido, for the sum of eighty-nine thousand two hundred seventy-eight & 87/100 ($89,278.87) Dollars, plus judicial interest, reasonable attorney's fees and all costs incurred in the prosecution of this judgment.

## BREACH OF CONTRACT

### 25.

Plaintiff adopts, realleges, and incorporates the preceding allegations of this Petition as if copied herein *in extenso*.

### 26.

Nicks Law Firm and Nicks entered into a binding contract for professional legal services with SEMM.

### 27.

SEMM complied with all of its obligations under the contract by rendering professional legal services to Nicks Law Firm and Nicks.

### 28.

Nicks Law Firm and Nicks failed to perform their obligations and breached the contract by failing to make full payment for the services rendered.

### 29.

SEMM has suffered damages as a result of the breaches of contract of Nicks Law Firm and Nicks and is entitled to judgment against them, in solido, for the sum of eighty-nine thousand two hundred seventy-eight & 87/100 ($89,278.87) Dollars, plus judicial interest, reasonable attorney's fees and all costs incurred in the prosecution of this judgment.

**WHEREFORE**, petitioner, Schonekas, Evans, McGoey & McEachin, L.L.C., prays:

(A)    that the defendants be duly cited to appear and answer this Complaint and that defendants be served with a copy of the same;

(B)      that after the lapse of all legal delays and after due proceedings are had, there be judgment in favor of the petitioner, Schonekas, Evans, McGoey & McEachin, L.L.C., and against the defendants, The Nicks Law Firm, LLC and Shantrell Nicks, in solido, in the full sum of eighty-nine thousand two hundred seventy-eight & 87/100 ($89,278.87) Dollars, plus judicial interest, reasonable attorney's fees and all costs of these proceedings; and

(C)      for any other general and equitable relief warranted under the circumstances.

Respectfully submitted,

*/s/Patrick S. McGoey*
Patrick McGoey, 24549
Andrea V. Timpa, 29455
SCHONEKAS, EVANS, MCGOEY
& MCEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
Telephone: (504) 680-6050
Facsimile:  (504) 680-6051
patrick@semmlaw.com
andrea@semmlaw.com

*Attorneys for Schonekas, Evans, McGoey &*
*McEachin, L.L.C.*